Filed 10/18/13  P. v. Corral CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID ANTHONY CORRAL,<br><br>    Defendant and Appellant. | F066138<br><br>(Super. Ct. No. F12900645)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J. and Kane, J.

Pursuant to a plea agreement, appellant, David Anthony Corral, pleaded no contest to possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)) and possession of ammunition by a person prohibited from owning a firearm (Pen. Code, § 30305, subd. (a)), and admitted an allegation that he had suffered a "strike."[1] Consistent with the plea agreement, the court imposed a prison term of four years, consisting of the two-year middle term on count 1, doubled pursuant to the three strikes law (Pen. Code, §§ 667, subd. (e)(1); 1170.12, subd. (c)(1)). The court imposed a concurrent four-year term on count 2.

The instant appeal followed. The court granted appellant's request for a certificate of probable cause (Pen. Code, § 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTS

The report of the probation officer indicates the following: On January 31, 2012, a police officer, seeking to take appellant, a "wanted parolee," into custody, went to a motel in Fresno where appellant was staying, went to appellant's room and arrested appellant "without incident." In plain view on the bed near appellant was a loaded revolver.

---

[1] We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

## DISCUSSION

In his notice of appeal, appellant claims, as best we can determine, that he was denied his constitutional right to the effective assistance of counsel. Specifically, he asserts in his notice of appeal that his trial counsel made the following representations: She (counsel) would request, under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, that the trial court dismiss his strike; appellant "would be getting half time," he would serve his sentence in a state mental health facility; and the minute order would state that appellant was to serve his time in a state mental health facility. He further asserts that counsel's representations were false. These matters, however, are not reflected in the appellate record. Therefore, appellant's apparent claim of ineffective assistance of counsel is not cognizable on this appeal. (*People v. Smith* (2007) 40 Cal.4th 483, 507 ["matters outside the record … may not be considered on appeal"].)

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.